FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 1 5 2004 ★

LONG ISLAND OFFICE

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
RICHARD CIRAMI,

                               Plaintiff(s),

           - against -

GARY DEAR,

                             Defendant(s).
--------------------------------------------------------------------X

CV: 04-2359

**ANSWER WITH
COUNTER-CLAIM**

Hon. Feuerstein, S
Hon. Wall, M.J.

Defendant, GARY DEAR (hereinafter "DEAR" or "Defendant"), by and through his attorneys, KRITZER & PRESTON, answering the complaint of plaintiff, RICHARD CIRAMI (hereinafter "CIRAMI" or "Plaintiff") herein, upon information and belief, allege(s) as follows:

1.      Defendant denies, each and every allegation contained in the paragraph(s) designated as "1.", "8.", and "9." of the complaint, except admits that Dear and Cirami entered into an agreement (the "Agreement") for the "Investigation of Establishment of New Car Franchises" dated March 12, 2004.

2.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph(s) designated as "2." of the complaint herein.

3.      Defendant(s) denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph(s) designated as "4.", "5." and "6." of the complaint herein, respectfully leaving all questions of law and fact to the triers thereof.

4.      Defendant denies, upon information and belief, each and every allegation contained in the paragraph(s) designated as "7.", "10." of the complaint.

5. Defendant denies each and every allegation contained in the paragraph(s) designated as "3.", "11.", "12.", "13.", and "14." of the complaint.

## ANSWERING AN ALLEGED FIRST CAUSE OF ACTION:

6. Answering paragraph "15." of the complaint, the defendant repeat(s), reiterate(s) and reallege(s) each and every admission and denial heretofore made in answer to paragraph(s) designated "1.-14." inclusive of the complaint as if set forth at length herein.

7. Answering paragraph(s) "16." of the complaint, the defendant alleges that the Agreement speaks for itself respectfully leaving all questions of law and fact regarding the rights and obligations of the parties to the triers thereof.

8. Defendant denies each and every allegation contained in the paragraph(s) designated as "17.", "18.", "19(a)", "19(b)", "19(c)", "20." and "21." of the complaint.

## ANSWERING AN ALLEGED SECOND CAUSE OF ACTION:

9. Answering paragraph "22." of the complaint, the defendant repeat(s), reiterate(s) and reallege(s) each and every admission and denial heretofore made in answer to paragraph(s) designated "1.-21." inclusive of the complaint as if set forth at length herein.

10. Defendant denies each and every allegation contained in paragraph(s) designated "23." and "24.", "25(a)", "25(b)", "25(c)" and "26." of the complaint herein

## ANSWERING AN ALLEGED THIRD CAUSE OF ACTION:

11. Answering paragraph "27." of the complaint, the defendant repeat(s), reiterate(s) and reallege(s) each and every admission and denial heretofore made in answer to paragraph(s) designated "1.-26." inclusive of the complaint as if set forth at length herein.

12. Defendant denies each and every allegation contained in paragraph(s) designated "28.", "29.", "30.", "31.","32.(a)", "32.(b)", "32.(c)", "33.", and "34." of the

complaint herein.

## ANSWERING AN ALLEGED FOURTH CAUSE OF ACTION:

13.    Answering paragraph "35." of the complaint, the defendant repeat(s), reiterate(s) and reallege(s) each and every admission and denial heretofore made in answer to paragraph(s) designated "1.-34." inclusive of the complaint as if set forth at length herein.

14.    Defendant denies each and every allegation contained in paragraph(s) designated "36.", "37.", "38.", "39." "40.", "41(a)", "41(b)", "41(c)", "42." and "43." of the complaint herein.

## ANSWERING AN ALLEGED FIFTH CAUSE OF ACTION:

15.    Answering paragraph "44." of the complaint, the defendant repeat(s), reiterate(s) and reallege(s) each and every admission and denial heretofore made in answer to paragraph(s) designated "1.-43." inclusive of the complaint as if set forth at length herein.

16.    Defendant denies each and every allegation contained in the paragraph(s) designated as "45.", except admits that upon learning that Cirami had converted Dear's funds for his own use, the defendant Gary Dear did report same to the appropriate authorities.

17.    Defendant denies each and every allegation contained in the paragraph(s) designated as "46.", and "49." of the complaint herein.

18.    Defendant denies each and every allegation contained in paragraph(s) designated "47." and "48." of the complaint herein, and refers all questions of fact and law to the triers thereof.

## ANSWERING AN ALLEGED SIXTH CAUSE OF ACTION:

19.    Answering paragraph "50." of the complaint, the defendant repeat(s), reiterate(s) and reallege(s) each and every admission and denial heretofore made in answer to

paragraph(s) designated "1.-49." inclusive of the complaint as if set forth at length herein.

20.     Defendant(s) denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph(s) designated "51." of the complaint herein.

21.     Defendant denies each and every allegation contained in paragraph(s) designated "52.", "53.", "54.", "55." and "56." of the complaint herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

22.     That the purported March 14, 2004 addendum was never signed or executed by the defendant Gary Dear and is therefore a forgery, false, fraudulent and illegal.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

23.     That the purported April 8, 2004 Agreement for Cash Disbursements was never signed by the defendant Gary Dear and is therefore a forgery, false, fraudulent and illegal.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

24.     That the purported "South Carolina Agreement" was never signed or executed by the defendant Gary Dear and that his signature thereto is a forgery, false and fraudulent and illegal.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

25.     That the purported "Florida Purchase Agreement" was never signed or executed by the defendant Gary Dear and that his signature thereto is a forgery, false and fraudulent and illegal.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

26.     The defendant Gary Dear entered into the March 12, 2004 Agreement in

reliance upon the representations made by Plaintiff to the defendant Gary Dear that he "has the experience and business relationships necessary to obtain the franchises and "that he has already been accepted as a dealer principal by Ferrari, Maserati, Alfa Romero and Hummer".

27.     That in support of plaintiff's representations, the plaintiff presented the defendant Gary Dear with purported letters from Ferrari North America and a letter of recommendation from Subaru of New England.  See "Exhibit A" annexed hereto and made a part hereof.

28.     That upon information and belief, the purported letters from Ferrari North America and Subaru of New England were forged.  See "Exhibit B" annexed hereto and made a part hereof.

29.     At the time the plaintiff made said representations, the defendant Dear believed them to be true and was thereby induced to enter into the agreement.

30.     At the time the plaintiff made said statements and representations, plaintiff knew them to be false and fraudulent.

31.     The defendant Dear would not have entered into the agreement had he known the falsity of such statements and representations made by the plaintiff.

<u>**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**</u>

32.     At the time the plaintiff made said representations, the defendant Dear believed them to be true and was thereby induced to enter into the agreement.

33.     At the time the plaintiff made said statements and representations, plaintiff was negligent as to the truth or falsity of said statements and representations.

34.     The defendant would not have entered into the agreement had they known the falsity of such statements and representations made by the plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35. That as part of the Agreement, the plaintiff covenanted that he had been accepted as a dealer principle by Ferrari, Maserati, Alfa Romeo and Hummer.

36. That said covenant was in the contemplation of the parties when they entered into the Agreement.

37. That upon information and belief, in fact the plaintiff had not been accepted as a dealer principle by Ferrari, Maserati, Alfa Romeo and/or Hummer prior to the Agreement.

38. Based upon the plaintiff's breach of covenant, the defendant Dear's performance should be excused.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

39. Upon information and belief, the agreement set forth in plaintiff's complaint does not set forth the mutual understanding of the parties in that the plaintiff had not been accepted as a dealer principle by Ferrari, Maserati, Alfa Romeo and/or Hummer prior to the agreement.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

40. That pursuant to the terms of the Agreement, the right to determine whether to finance or obtain financing for any proposed dealership was within the "sole discretion" of the defendant Dear.

41. That pursuant to the terms of the Agreement, the defendant Dear was under no obligation to finance or obtain financing for any dealership.

42. That the defendant Dear timely exercised his right to decline either financing or obtaining financing for any of the alleged proposed dealership(s).

43. Based on the foregoing, the defendant Dear is not in breach of the Agreement.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

44.    That the plaintiff's sole and exclusive remedy under paragraph 4 of the Agreement was the opportunity to present the proposed dealership to a third party.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

45.    Plaintiff failed to mitigate his alleged damages by failing to propose the purported deals to third parties as set forth in paragraph 4 of the Agreement.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

46.    The plaintiff failed to satisfy a condition precedent under the Agreement in that the defendant Dear did not agree to enter into or finance the purported "South Carolina Agreement" or the purported "Florida Purchase Agreement".

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

47.    The complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

49.    The complaint, and all plaintiff's claims and allegations contained therein, are violative of the statute of frauds.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

50.    The plaintiff is barred from recovery due to "unclean hands" through his fraudulent misrepresentations made to the defendant Dear and subsequent conversion of Dear's funds for his own use.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

51.    The purported agreement between the plaintiff and defendant is contrary to public policy, unlawful, null and void.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

52.     That in order to seek recovery of the sums advanced and to put an end to the practices of the plaintiff as set forth above, the defendant Dear contacted the Nassau County District Attorney in good faith and without malice to advise them of what had transpired.

53.     That upon information and belief, the Nassau County District Attorney investigated the plaintiff's activities and found the defendant Dear's statements to be true.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE:

54.     The defendant Dear's alleged statements were true and made without malice.

## AS AND FOR A FIRST COUNTER CLAIM ON BEHALF OF GARY DEAR AGAINST RICHARD CIRAMI:

55.     In or about February, 2004, the plaintiff contacted the defendant Dear regarding a business arrangement whereby the parties were to explore the possibility of obtaining automobile dealerships in the State of Florida.

56.     On or about March 12, 2004, the plaintiff and defendant Dear entered into a written agreement to investigate opportunities for obtaining automobile dealerships entitled "Investigation of Establishment of New Car Franchises."

57.     At the time of said Agreement, the plaintiff held himself out as possessing the requisite knowledge, skills, experience and competence in the automobile industry to obtain automobile dealerships and that he had already been approved as a dealer principal by Ferrari, Maserati, Alfa Romeo and Hummer.

58.     Said representations were memorialized into the Agreement as a covenant made by the plaintiff.

59.     Thereafter, the defendant Dear, acting in good faith, advanced at least

$125,500 in furtherance of the Agreement.

60.    After reviewing a draft of the Florida Purchase Agreement regarding the purchase of a KIA dealership, on or about April 8, 2004, the defendant Dear elected not to agree to the purchase of the KIA dealership and instructed the plaintiff to have the proposed Sellers return all sums advanced to the defendant Dear's account.

61.    Upon information and belief, without any authority from the defendant Dear, the plaintiff continued attempts to negotiate the deal and failed to have the defendant Dear's funds returned to his account.

62.    Upon information and belief, it was not until on or about April 27, 2004 that the plaintiff notified the proposed Seller's attorney that plaintiff was terminating negotiations. At the same time, plaintiff improperly requested that Dear's funds be wired to the plaintiff's personal account or an account controlled by the plaintiff.

63.    Upon information and belief, on April 28, 2004, $100,000 of the defendant Dear's funds were wired to the plaintiff's personal account, or an account controlled by the plaintiff.

64.    Upon information and belief, on April 20, 2004, in a continuing effort to defraud the defendant Dear, the plaintiff then withdrew $90,000 of said monies via six cashier's checks.

65.    The defendant Dear has duly demanded that the plaintiff return all sums advanced under the Agreement, however, the plaintiff has failed and refused to do so.

66.    Thereafter, in or about May, 2004, the defendant Dear notified the Nassau County District Attorney of the plaintiff's activities as afore stated.

67.    Upon information and belief, after an investigation, the Nassau County

District Attorney determined that several of the documents presented by the plaintiff to the defendant Dear and other parties were forgeries. See, "Exhibit B".

68. Based on the above, the plaintiff has intentionally converted the defendant Dear's funds to his own use.

69. By reason of the foregoing, the defendant Dear has been damaged in an amount to be determined at trial, but not less than $125,500, plus interest from March 12, 2004.

## AS AND FOR A SECOND COUNTER CLAIM ON BEHALF OF GARY DEAR AGAINST RICHARD CIRAMI:

70. The defendant Dear repeats and reiterates Paragraphs "1." through "69.", with the same force and effect as though set forth herein at length.

71. That by reason of the foregoing, the plaintiff owes to the defendant Dear, for money had and received, an amount to be determined at trial, but not less than $125,500, plus interest from March 12, 2004, which funds belong to the defendant Dear.

## AS AND FOR A THIRD COUNTER CLAIM ON BEHALF OF GARY DEAR AGAINST RICHARD CIRAMI:

72. The defendant Dear repeats and reiterates Paragraphs "1." through "71.", with the same force and effect as though set forth herein at length.

73. By reason of the foregoing, the plaintiff has been unjustly enriched in an amount of at least $125,500, plus interest from March 12, 2004 to the detriment of the defendant Dear.

74. As a result of the foregoing unjust enrichment, the defendant Dear has been damaged in an amount to be determined at trial, but not less than $125,500, plus interest from March 12, 2004.

## AS AND FOR A FOURTH COUNTER CLAIM ON BEHALF OF GARY DEAR AGAINST RICHARD CIRAMI:

75.     The defendant Dear repeats and reiterates Paragraphs "1." through "74.", with the same force and effect as though set forth herein at length.

76.     That the defendant Dear entered into the Agreement, and advanced the $125,500 based upon the representations and covenants made by the plaintiff regarding his experience in the automobile industry and ability to secure a dealership.

77.     At the time of the making those representations and covenants, the plaintiff knew those representations and covenants to be false and fraudulent.

78.     At the time of the plaintiff's representations and covenants, the defendant Dear believed them to be true and relied upon such statements in entering the March 12, 2004 Agreement and agreeing to advance sums of money as afore stated.

79.     Had the defendant Dear known the plaintiff's true intentions, he would have never entered into the March 12, 2004 Agreement or advanced any sums of money as afore stated.

80.     By reason of the plaintiff's fraudulent misrepresentation, the defendant Dear has been damaged in an amount to be determined at trial, but not less than $125,500, plus interest from March 12, 2004.

## AS AND FOR A FIFTH COUNTER CLAIM ON BEHALF OF GARY DEAR AGAINST RICHARD CIRAMI:

81.     The defendant Dear repeats and reiterates Paragraphs "1." through "80.", with the same force and effect as though set forth herein at length.

82.     That the defendant Dear entered into the agreement, advanced the plaintiff's expenses and made the deposit on the dealership purchase based upon the representations and

covenants made by the plaintiff regarding his experience in the automobile industry and ability to secure a dealership.

83. At the time of the making those representations and covenants, the plaintiff was negligent as to the truth or falsity of those representations and covenants.

84. At the time of the plaintiff's representations and covenants, the defendant Dear believed them to be true and relied upon such statements in entering the agreement, advancing the plaintiff's expenses and making the deposit.

85. Had the defendant Dear known the plaintiff's true intentions, he would have never entered into the agreement with plaintiff or advanced any sums of money pursuant to the Agreement.

86. By reason of the plaintiff's negligent misrepresentations, the defendant Dear has been damaged in an amount to be determined at trial, but not less than $125,500, plus interest from March 12, 2004.

## AS AND FOR A SIXTH COUNTER CLAIM ON BEHALF OF GARY DEAR AGAINST RICHARD CIRAMI:

87. The defendant Dear repeats and reiterates Paragraphs "1." through "86.", with the same force and effect as though set forth herein at length.

88. Plaintiff owed the defendant Dear the utmost honesty, loyalty, fidelity and full, complete and accurate disclosure of all facts pertinent in the performance of obligations to the defendant Dear and to avoid any conflicts of interest and never take advantage of his position of trust to defendant Dear's detriment.

89. Plaintiff breached his fiduciary duty by failing to properly perform his duties and obligations as set forth above.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 1 5 2004 ★

LONG ISLAND OFFICE

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

RICHARD CIRAMI,

                         Plaintiff(s),

        - against -

GARY DEAR,

                         Defendant(s).

-----------------------------------------------------------------X

CV: 04-2359

**ANSWER WITH**
**COUNTER-CLAIM**

Hon. Feuerstein, S
Hon. Wall, M.J.

**COURTESY COPY**

Defendant, GARY DEAR (hereinafter "DEAR" or "Defendant"), by and through his attorneys, KRITZER & PRESTON, answering the complaint of plaintiff, RICHARD CIRAMI (hereinafter "CIRAMI" or "Plaintiff") herein, upon information and belief, allege(s) as follows:

    1.    Defendant denies, each and every allegation contained in the paragraph(s) designated as "1.", "8.", and "9." of the complaint, except admits that Dear and Cirami entered into an agreement (the "Agreement") for the "Investigation of Establishment of New Car Franchises" dated March 12, 2004.

    2.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph(s) designated as "2." of the complaint herein.

    3.    Defendant(s) denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph(s) designated as "4.", "5." and "6." of the complaint herein, respectfully leaving all questions of law and fact to the triers thereof.

    4.    Defendant denies, upon information and belief, each and every allegation contained in the paragraph(s) designated as "7.", "10." of the complaint.

statements regarding the defendant Dear to the public, to wit: that the defendant Dear breached his agreement with the plaintiff; breached his fiduciary duties to the plaintiff; made false representations to the plaintiff; defamed the plaintiff and tortiously interfered with the plaintiff's business relationships.

107.     That plaintiff's statements were false and made with actual malice by the plaintiff.

108.     That plaintiff's statements have injured the defendant Dear's reputation and good standing in the financial community.

109.     That the plaintiff's statements were defamatory per se.

110.     That by reason of the foregoing, the defendant Dear has been damaged in an amount to be determined at trial, but not less than $1,000,000, plus interest from June 8, 2004.

WHEREFORE, defendant(s) demand(s) judgment:

(a)     Dismissing the complaint herein;

(b)     on the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth Counterclaims, damages in an amount to be determined at trial, but not less than $125,500 plus interest from March 12, 2004;

(c)     On the Ninth Counterclaim, punitive damages in the amount of $1,000,000;

(d)     On the Tenth Counterclaim, reasonable costs and attorneys fees in an amount to be determined at trial, but not less than $25,000;

(e)     On the Eleventh Counterclaim, damages in an amount to be determined at trial, but not less than $1,000,000, plus interest from June 8, 2004;

(f)     Such other and further relief the Court deems proper.

Dated:     Melville, New York
               September 14, 2004

Your, etc.,

KRITZER & PRESTON
By: James G. Preston    4630
Attorneys for Defendant(s)
GARY DEAR
201 North Service Road
Suite 403
Melville, New York 11747
(631) 293-2636
Our File #: KP-11110

TO:    Roy A. Klein
       Attorney for Plaintiff
       532 Broad Hollow Road
       Suite 144
       Melville, New York 11747
       (631) 777-1313-8744

**Exhibit A**





AUG 2 5 2004
KP-1110

# OFFICE OF THE DISTRICT ATTORNEY
## NASSAU COUNTY
262 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501 - 4251
TELEPHONE (516) 571-3800

August 20, 2004

James Preston, Esq.
Kritzer & Preston
201 North Service Road
Suite 403
Melville, NY 11747

### Re: CF #231/04

Dear Mr. Preston:

I am writing to advise you that pursuant to our criminal investigation, we have confirmed that several documents presented by Mr. Cirami to Mr. Dear and other parties are forgeries.

Based on speaking to representatives from car companies in question, they confirm that these documents are fraudulent and were never prepared by their companies. In addition, they had no ongoing relationship with Mr. Cirami.

I hope this information is helpful to you. If you have any further questions, feel free to contact me at (516) 571-3343.

Very truly yours,

DENIS DILLON
District Attorney

Robert Emmons
Assistant District Attorney
Chief, Criminal Frauds Bureau

RE:jr

# DENIS DILLON

## DISTRICT ATTORNEY



**262 OLD COUNTRY ROAD**

**MINEOLA, NY**

**TELEPHONE (516) 571-2994**

## OFFICE of the DISTRICT ATTORNEY

## NASSAU COUNTY

**FOR RELEASE: IMMEDIATELY**

**AUGUST 3, 2004**

**FOR FURTHER INFORMATION**

**CONTACT** Katie Grilli-Robles: **(516) 571-2994**

http://www.nassauda.org

### DA DILLON ANNOUNCES ARREST IN $100,000 FRAUD

Nassau County District Attorney Denis Dillon today announced the arrest of a Glen Head man for allegedly defrauding a business associate out of $100,000 that was supposed to be used to purchase a car dealership.

Richard Cirami, 53, of 106 Wolver Hollow Road, Glen Head, is charged with Grand Larceny in the Second Degree, a Class C Felony punishable by up to 15 years in prison.

According to Dillon, "The defendant entered into a business agreement with the victim, who was to provide the money for the purchase of a car dealership. The defendant claimed that he had expertise in the car sales business, and the ability to obtain a franchise from several major car companies. He provided the victim with letters of recommendation from Ferrari North America and Subaru of New England. These letters turned out to be fraudulent.

"In April of 2004, the two men began working on the acquisition of an auto dealership, setting up an escrow account in the name of the victim's firm with the seller's attorney. The victim put $100,000 into the escrow account. On April 27, 2004, the defendant told the seller's attorney that the negotiations had terminated, and that he should wire the $100,000 to another account – which turned out to be an account in the name of the defendant's daughter. The money was wired into her account on April 28, and on April 30, $90,000 of it was taken out in the form of six cashier's checks written out to the defendant."

Cirami will be arraigned today in First District Court, Hempstead. The charges are merely accusations, and the defendant is presumed innocent until and unless proven guilty.

Exhibit B

# ⌐ SUBARU OF NEW ENGLAND, INC. 

95 Morse Street
Norwood, Massachusetts 02062
Executive Offices (617) 255-6369    Fax: (617) 255-637
Fixed Operations (617) 255-6308    Fax: (617) 255-631
Sales (617) 255-6332    Fax: (617) 255-6373



CONNECT
'The Constitution State'

July 26, 1996



MAINE
'The Pine Tree State'

Mr. David Yanofsky
Exeter Subaru
37 Portsmouth Road
Stratham, NH 03885



MASSACHUSETTS
'The Bay State'

Dear David,

It was a pleasure to meet with you and view your dealership this past week. There is nothing more impressive in this industry than a dealer and staff that does it right the first time. Without question, you enter this group of diligent, focused and committed Subaru Dealers. We applaud your effort and style of doing business.

With respect to the future and your feeling of being landlocked, allow me a moment. I understand your feelings of not having enough space. I also understand the drive to find larger quarters and secure the future. A word of caution! Build your business from the inside out. When you are selling 75 new Subaru's per month and servicing 40 plus cars a day for a consistent twelve month period, then consider expansion plans. Until then, use this facility to your advantage in the following way:



NEW HAMPSHIRE
'The Granite State'

- In your advertising: *We're bulging at the seams type of sales events & promotions*
- In understanding the controls of running a dealership: *This dealership affords you the opportunity to have hands on complete control.*

An additional suggestion to you. To maximize your space to the fullest advantage for used car inventory and more new car inventory, obtain a facility nearby either indoors or outdoors for excess new car inventory. There is nothing more impressive to a customer than being driven to one of: *"Your storage centers that houses more inventory than any other Subaru dealership". This will give you the additional room to properly display your new car inventory and selected used cars.*



VERMONT
'The Green Mountain State'

The one thing I would do to further enhance your dealership is add music to your showroom. It creates buying energy as people walking through the facility always feel good when music is playing. There are companies that will come into your dealership and create theme music. One such company is Musac, and they are based out of Boston. Last thought, why not have a mural of the Outback painted on the wall that is above the offices? It would tie your showroom together and fit the theme for the '97 launch of the new GT Sedan, Outback Sport Impreza and Outback Limited Wagon.

*The Beauty of All Wheel Drive*

Mr. David Yanofsky
July 26, 1996
Page 2

We are working on a campaign advertising program for the Subaru dealers of New England.
Within the next few weeks we will present to you our program to drive sales and showroom
traffic. This is a new arena for the distributorship and we are excited with the initial pilot that
we created. I have included a copy of the 60 hour sale that we will be running shortly. I would
like your comments on this campaign at your earliest convenience.

Continue the drive for strong sales as you are on target for a great month. This will move the
allocation of the 1997 Subaru's to greater numbers for you.

David, you're on the right track to stardom. Your Dad should be very proud of you with your
accomplishments in this industry.

Sincerely,

Richard A. Cirami
Vice President
Sales & Distribution

RAC/rd
cc:    E.J. Boch
       J.A. Appelbe
       R. Bennett

# Ferrari

Ferrari North America, inc

February 02, 2004

Richard A. Cirami
339 Mill River Road
Oyster Bay, NY 11771          *Personal and Confidential*

Dear Mr. Cirami,



As previously agreed upon, Ferrari of North America would be interested in granting a new vehicle franchise to you, for the Naples Florida area. Presently we are revamping our market areas throughout the United States and this area is a prime market for us.

As Maserati is now part of the master program we have instituted new procedures for area development. That program will be announced within the next ninety days. At that time Ferrari of North America will have a master plan for the United States market with franchise territory clearly delineated for each state. You are aware that Florida is a major market for us and we have to be certain that we can supply vehicles to you for you to capture the right market share.

When we last spoke I told you that you will need an investor or investor group with substantial assets to receive final application approval. How are you moving forward with that request. We will need that information post haste. We are also looking at the Miami area for an additional franchise to the marketplace and the group we are speaking with would like to have the Naples market as well.

As you have an application on file and clearly are approved for dealer candidacy the only hurtle is the financial arm that you need. Please expedite my request for this information as time is of the essence. The group that we are speaking to you, are presently Automobile Dealers with substantial assets and ties to the Florida community.

I understand you have completed the market analization and site selection. Please forward so that we can discuss your findings.

When are you returning to Florida? Also what is your time frame once we give the green light to move ahead?

I will be in touch with you the first week of March upon my return from Europe.

Best Regards,

Mike Capecia
Senior Vice President
Ferrari of North America

MK/ab
enc

Ferrari North America, Inc.
250 Sylvan Avenue
Englewood Cliffs, NJ 07632
Telephone: 201.816.2600
Fax: 201.816.2626

STATE OF NEW YORK )

                    ss.:

COUNTY OF SUFFOLK )

      PATRICK DELGADO, being duly sworn, deposes and says:

      I am not a party to this action, am over 18 years of age and reside in Smithtown, New York. That I am employed by KRITZER & PRESTON, at 201 North Service Road, Suite 403, Melville, New York.

      That on the 15 day of September, 2004, I served the within **Answer with Counterclaims** upon the following persons by enclosing a true copy in a securely sealed postpaid wrapper addressed to their respective addressed and by depositing same in a post office box regularly maintained by the United States Government.

      Deponent further says that the addresses on said wrappers were the addresses designated by them for that purpose:

LAW OFFICES OF ROY A. KLEIN
Attorney for Plaintiff(s)
532 Broad Hollow Road
Melville, NY 11747
(631) 777-1313

PATRICK DELGADO

Sworn to before me this
15 day of September, 2004

NOTARY PUBLIC

JAMES G PRESTON
NOTARY PUBLIC, State of New York
No. 02PR5050982
Qualified in Suffolk County
Commission Expires

JAMES G PRESTON
NOTARY PUBLIC, State of New York
No. 02PR5050982
Qualified in Suffolk County
Commission Expires